IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GEORGE V. KELLY,                    )        Case No. 3:18-cv-126
                                    )
            Plaintiff,              )        JUDGE KIM R. GIBSON
                                    )
     v.                             )
                                    )
PEERSTAR LLC AND LARRY J. NULTON,   )
                                    )
            Defendants.             )
                                    )

## MEMORANDUM OPINION

The remaining claims in this case arise from George V. Kelly's ("Kelly") alleged theft of Counterclaim-Plaintiff Dr. Larry J. Nulton ("Dr. Nulton") and Plaintiff Dr. Charles J. Kennedy's ("Dr. Kennedy") identities. Pending before the Court is Kelly's Motion *In Limine* to Exclude Expert Testimony, (ECF No. 138), and brief in support. (ECF No. 139.) Counterclaim-Plaintiff Peerstar LLC ("Peerstar"), Dr. Nulton, and Dr. Kennedy have filed a brief in opposition to Kelly's motion. (ECF No. 141.) Kelly's motion is ripe for disposition.

For the following reasons, the Court **DENIES** Kelly's Motion *In Limine* to Exclude Expert Testimony. (ECF No. 138.)

II.     **Background**[1]

Kelly asks this Court to exclude certain testimony that Peerstar, Dr. Nulton, and Dr. Kennedy intend to have Dr. Nulton and Dr. Kennedy offer at trial. (ECF No. 139 at 1.) Kelly notes

---

[1] A detailed description of the factual background of this case can be found in the Court's Memorandum Opinion Granting in Part Kelly's Motion for Summary Judgment and Denying Peerstar, Dr. Kennedy, and Dr. Nulton's Motion for Summary Judgment. (ECF No. 102.)

that Dr. Nulton and Dr. Kennedy are scheduled to testify on topics such as "how [Autism Spectrum Disorder] impacts children and families, how it is evaluated and treated, the reasons why only licensed physicians and psychologists are qualified to develop BHRS treatment plans, and how the standard of care for treating children with ASD has evolved during [their careers]." (*Id.*) Kelly contends that this line of testimony is expert testimony, but Peerstar, Dr. Nulton, and Dr. Kennedy have not submitted expert reports from Dr. Nulton and Dr. Kennedy as Federal Rule of Civil Procedure 26(A)(2) requires, among other things. (*Id.*) Because Kelly believes that Dr. Nulton and Dr. Kennedy will be offering expert testimony without following the proper procedure for offering such testimony, he asks this Court to exclude portions of their testimony. (*Id.*) Further, Kelly contends that because Peerstar, Dr. Nulton, and Dr. Kennedy did not make any expert disclosures, "they should be precluded from offering any expert testimony or evidence of any kind." (*Id.* at 5.)

In response, Peerstar, Dr. Nulton, and Dr. Kennedy contend that Dr. Nulton and Dr. Kennedy will only offer factual testimony based on their personal knowledge, which is permitted lay testimony under Rule 701. (ECF No. 141 at 1–2.)

## III.    Legal Standard

Rule 701 of the Federal Rules of Evidence provides that if a witness is not testifying as an expert, "testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge." FED. R. EVID. 701.

The Third Circuit has held that a "'lay witness with first hand knowledge can offer an opinion akin to expert testimony in most cases, so long as the trial judge determines that the witness possesses sufficient and relevant specialized knowledge or experience to offer the opinion.'" *Wilburn v. Maritrans GP Inc.*, 139 F.3d 350, 356 (3d Cir. 1998) (citing *Asplundh Mfg. Div. v. Benton Harbor Eng'g*, 57 F.3d 1190, 1198 (3d Cir. 1995)); *see also Donlin v. Philips Lighting North America Corp.*, 581 F.3d 73, 82 (3d Cir. 2009) (noting that, under Rule 701, a lay witness must have either experience or specialized knowledge in arriving at their opinion). Indeed, the Third Circuit's "jurisprudence has expanded … to permit lay persons to express opinions that are not shorthand statements of fact, so long as the personal knowledge, rational basis, and helpfulness standards of Rule 701 are met." *Id.* (citing *Asplundh Mfg. Div.*, 57 F.3d at 1198). The rationale for allowing a lay witness with particularized knowledge to testify to subject matter that is specialized or technical is that the "testimony is based upon the [lay witness's] personal knowledge rather than on specialized knowledge within the scope of Rule 702." *Donlin*, 581 F.3d at 81. Finally, "Rule 26(a)(2) of the Federal Rules of Civil Procedure does not require a party to provide the name of any person who may be used at trial to present evidence under Rule 701." *Wilburn*, 139 F.3d at 356.

Under Rule 702 of the Federal Rules of Evidence, a:

[W]itness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

FED. R. EVID. 702. The party offering expert testimony under Rule 702 must comply with the notice requirements found in Federal Rule of Civil Procedure 26(a)(2). FED. R. CIV. P. 26(a)(2). When a party "fails to satisfy the requirements of FRCP 26(a)(2) with regards to a particular witness, that witness may not offer expert testimony … [but the witness may still] testify as to facts within his knowledge." *Miller ex rel. Miller v. Evenflo Co., Inc.*, No. 3:09-108, 2012 WL 112976, at *5 (W.D. Pa. Jan. 12, 2012).

In distinguishing between expert testimony and lay testimony, the Third Circuit has held that the "essential difference … is that a qualified expert may answer hypothetical questions." *Teed-Ed, Inc. v. Kimball Int'l, Inc.*, 620 F.2d 399, 404 (3d Cir. 1980). Indeed, an expert witness can testify from information that he perceived, as well as facts of which he has been made aware. *Id.* But where "a party played a 'personal role in the unfolding of events at issue and the anticipated questioning seeks only to elicit the witness's knowledge of those events,' the witness need not be identified as an expert." *Walker v. Mankey*, No. 2:14-cv-01504-LPL, 2018 WL 10230906, at *2 (W.D. Pa. Oct. 30, 2018) (quoting *Gomez v. Rivera Rodriguez*, 344 F.3d 103, 113–14 (1st Cir. 2003)).

In sum, by way of example, if a "physician is called primarily to testify about what he observed during treatment then he is a fact witness," but if "he also testifies about suspected causation, that qualifies as 702 testimony." *Id.*

## IV.    Discussion

The Court finds that because Dr. Nulton and Dr. Kennedy are licensed psychologists with years of experience, (ECF No. 102 at 2–3), they have relevant and sufficient specialized knowledge and experience to offer opinion testimony under Rule 701. In offering lay opinion testimony, they may speak to matters regarding which they have personal knowledge, such as their interactions

with and treatment of patients, the standards that they apply in treating patients, and the impact that they have seen certain disorders having upon the people that they have treated. Therefore, the fact that Peerstar, Dr. Nulton, and Dr. Kennedy did not provide Kelly with expert reports does not prevent Dr. Nulton and Dr. Kennedy from testifying to these and similar matters at trial. However, because Dr. Nulton and Dr. Kennedy are not offering expert testimony under Rule 702, they may not speak to any areas regarding which they lack firsthand knowledge.

Because the Court finds that the testimony Dr. Nulton and Dr. Kennedy will offer at trial either falls under the ambit of Rule 701 or can be properly confined so as to remain within the boundaries of that rule, the Court will deny Kelly's motion. However, the Court also holds that counsel for Peerstar, Dr. Nulton, and Dr. Kennedy may not ask either Dr. Nulton or Dr. Kennedy hypothetical questions, and counsel must limit their questions to opinions based upon what Dr. Nulton and Dr. Kennedy have personally observed. *Walker*, 2018 WL 10230906, at *3. If Kelly's counsel believes that Dr. Nulton or Dr. Kennedy's testimony goes beyond the bounds of Rule 701 or is irrelevant, they may lodge an appropriate objection at trial.

In closing, the Court notes that Kelly has asked this Court to completely bar Peerstar, Dr. Nulton, and Dr. Kennedy from offering any expert testimony at the upcoming trial. Because Kelly's only specific objection is to portions of the testimony that Dr. Nulton and Dr. Kennedy will offer, the Court has confined its analysis to that testimony. However, the Court's holding with respect to Dr. Nulton and Dr. Kennedy is equally applicable to any other witness whom Peerstar, Dr. Nulton, and Dr. Kennedy did not designate as a Rule 702 witness but whom they would like to have offer opinion testimony under Rule 701.

## IV.   Conclusion

For the forgoing reasons, the Court **DENIES** Kelly's Motion *In Limine* To Exclude Expert

Testimony. (ECF No. 138.)

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GEORGE V. KELLY                         )
                                        )        CIVIL ACTION NO. 3:18-126
                                        )
                                        )
              Plaintiff,                )
                                        )        JUDGE KIM R. GIBSON
        v.                              )
                                        )
PEERSTAR LLC AND LARRY J.               )
NULTON,                                 )
                                        )
              Defendants.               )

## ORDER

AND NOW, this 22ⁿᵈ day of September, 2021, upon consideration of Kelly's Motion *In Limine* to Exclude Expert Testimony, (ECF No. 138), and for the reasons set forth in the accompanying Memorandum Opinion, it is **HEREBY ORDERED** that the Court **DENIES** Kelly's Motion.

BY THE COURT:

KIM R. GIBSON
UNITED STATES DISTRICT JUDGE